CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### ABILENE DIVISION

2013 MAR 26  PM 3: 56

DEPUTY CLERK

|  |  |  |
|---|---|---|
| DONNA G. FRALEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 1:11-CV-240-BL |
| | § | ECF |
| | § | |
| CAROLYN W. COLVIN,[1] | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | Assigned to U.S. Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

**THIS CASE** is before the court upon Plaintiff's complaint filed December 22, 2011, seeking judicial review of the administrative decision of the Commissioner of Social Security which denied Plaintiff's applications for a period of disability and disability insurance benefits under Title II of the Social Security Act. Plaintiff filed a brief in support of her complaint on June 14, 2012 (Doc. 24). Defendant filed a brief on July 16, 2012 (Doc. 25). The parties consented to having the United States magistrate judge conduct all further proceedings in this case on January 10, 2012 (Doc. 10), and March 7, 2013 (Doc. 26).

This court has considered the pleadings, the briefs, and the administrative record and finds that the Commissioner's decision should be affirmed and that Plaintiff's complaint should be dismissed with prejudice.

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security, effective February 14, 2013, and is therefore substituted as Defendant in this matter for Michael J. Astrue, per FED. R. CIV. P. 25(d)(1).

## I.   STATEMENT OF THE CASE

Plaintiff filed an application for a period of disability and disability insurance benefits on March 16, 2009, alleging disability beginning June 20, 2007. Tr. 135-37. She later amended her alleged onset date to June 30, 2009. Tr. 37. Plaintiff's application was denied initially and upon reconsideration. Tr. 55-61, 65-67. Plaintiff filed a Request for Hearing by Administrative Law Judge ("ALJ") on October 8, 2009, and this case came for hearing before the ALJ on October 13, 2010. Tr. 69, 33-54. Plaintiff, with a representative, appeared and testified in her own behalf. Tr. 35-50. A vocational expert ("VE") appeared and provided expert testimony. Tr. 51-53. The ALJ issued an opinion that was unfavorable to Plaintiff on November 9, 2010. Tr. 9-28.

In his opinion, the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. The ALJ found that Plaintiff met the insured status requirements through June 30, 2009, her date last insured and the amended onset date, and that she had not engaged in substantial gainful activity at any time since then. Tr. 12-13. The ALJ found that Plaintiff has "severe" impairments, including gout, obesity, possible discoid lupus erythematosus, and a left ear ulcer. Tr. 14. The ALJ found that Plaintiff's nonsevere impairments include hypertension and diabetes mellitus. *Id.* The ALJ found that Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1, Tr. 15. The ALJ specifically addressed the criteria of Sections 14.06, 14.09, and 8.05 of the Listings. *Id.* Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform her past relevant work or other work existing in the national economy.

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent

with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p (July 2, 1996)("SSR 96-7p"). Tr. 15-16. The ALJ noted Plaintiff's allegations regarding her symptoms and the limitations imposed therein. Tr. 16-17. The ALJ discussed Plaintiff's reports of her medical treatment and her activities of daily living and compared them with the objective medical evidence of record. *Id.*

The ALJ found that Plaintiff has underlying medically determinable impairments which could reasonably cause some of the symptoms alleged. Tr. 16. The ALJ found that, based on the evidence in the record, that Plaintiff's statements concerning her impairments, the symptoms experienced therein, and the intensity, persistence, and limiting effects of such symptoms were not entirely credible to the extent alleged, although he found the Plaintiff generally credible. Tr. 15-22. The ALJ provided analysis as to Plaintiff's claims and medically determinable impairments. *Id.* The ALJ found that Plaintiff's claimed tuberculosis and anxiety did not constitute medically determinable impairments as defined by applicable regulations. Tr. 20-22.

The ALJ found that Plaintiff retained the residual functional capacity to perform the physical and nonexertional requirements of a range of light work, except that she requires the ability to periodically alternate between sitting and standing; she can only occasionally climb ramps and stairs; she can never climb ladders, ropes, or scaffolds; she can occasionally balance, kneel, crouch, crawl, or stoop; she has no hand/arm manipulative or visual/communicative limitations; and she cannot work around hazardous moving machinery or at unprotected heights. Tr. 15. In making his RFC finding, the ALJ described the weight given to the opinions of the treatment providers, the State agency medical consultants, and to the subjective allegations and testimony of the Plaintiff. Tr. 20-22.

The ALJ found that Plaintiff was unable to perform any of her past relevant work. Tr. 22. He found that she was an "individual closely approaching advanced age," with a high school education, and the ability to communicate in English. *Id.* The ALJ noted that transferability of job skills was not material to the determination of disability, and that application of the Medical-Vocational Rules, 20 C.F.R. § Pt. 404, Subpt. P, App. 2 ("the Grids") as a framework would direct a finding of "not disabled." *Id.* The ALJ indicated that because Plaintiff's additional limitations erode the unskilled light occupational base, the testimony of a VE was required. Tr. 23. The ALJ relied upon the testimony of the vocational expert, who indicated that a person of the Plaintiff's age, education, past relevant work experience, and residual functional capacity could perform work which exists in the national economy, including the jobs of companion, office helper, bench assembler, or cashier in a restaurant or parking garage. *Id.* The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision. Tr. 23-24.

Plaintiff sought review of the hearing decision and order. Tr. 133-34. The Appeals Council issued an opinion denying review of the ALJ's hearing decision. Tr. 3-8. The ALJ's decision, therefore, became the final decision of the Commissioner.

Plaintiff sought and was granted an extension of time to file a civil action. On December 22, 2011, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II.   STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States district court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the

Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton*, 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453. In this case, the ALJ found at step 5 that Plaintiff was not disabled because she retained the ability to other work which exists in significant numbers in the national economy. Tr. 23-24.

### III.   DISCUSSION

Plaintiff claims that the ALJ erred by failing to appropriately incorporate all limitations imposed by her impairments into the RFC determination. Plaintiff also alleges that the ALJ erred in application of the Grids. The ultimate issue is whether the ALJ's decision is supported by

substantial evidence. The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000).

**A.      Whether the ALJ erred by failing to incorporate the limitations imposed by Plaintiff's impairments into the RFC determination.**

Plaintiff argues that the ALJ erred by failing to incorporate limitations into the RFC determination to reflect Plaintiff's standing, walking, sitting, manipulative, and auditory limitations.

The claimant has the burden to prove that he is disabled within the meaning of the Social Security Act. *Fraga v. Bowen,* 810 F.2d 1296, 1301 (5th Cir. 1987). A physical or mental impairment is in turn defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The existence of an impairment does not in itself establish disability; a claimant is disabled only if he or she is "incapable of engaging in any substantial gainful activity." *Milam v. Bowen,* 782 F.2d 1284, 1286 (5th Cir.1986).

In determining whether a claimant's physical or mental impairments are of a sufficient medical severity as to be the basis of eligibility under the law, the ALJ is required to consider the combined effects of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523. *Loza,* 219 F.3d at 393. If the ALJ finds a medically severe combination of impairments, "the combined impact of the impairments will be considered throughout the disability determination process." *Id.*

The term "residual functional capacity assessment" describes an adjudicator's finding about the ability of an individual to perform work-related activities. Soc. Sec. Ruling 96-5p (July 2, 1996) ("SSR 96-5p"). The RFC assessment is based upon "*all* of the relevant evidence in the case record," including, but not limited to, medical history, medical signs, and laboratory findings; the effects of

treatment; and reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations. Soc. Sec. Ruling 96-8p (July 2, 1996) ("SSR 96-8p") (emphasis in original). The ALJ is responsible for determining a claimant's RFC. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making the RFC assessment and in determining the limitations imposed by a claimant's impairment(s), the ALJ is instructed to consider the entire record. Soc. Sec. Ruling 96-7p (July 2, 1996) ("SSR 96-7p").

In his opinion, the ALJ discussed Plaintiff's reports of sitting most of the day on the couch, and her ability to sit 30 minutes to an hour at a time. Tr. 18. He noted her reports of numbness in her legs and knees, being able to walk only 20 to 30 feet, and swelling in her left knee, ankle, wrist, and hands. Tr. 18-19. The ALJ compared Plaintiff's subjective complaints with the medical evidence of record. Tr. 20-24. The ALJ noted Dr. Crawford's report of swelling in Plaintiff's wrists and ankles, with a decreased range of motion, and his indication that Plaintiff could walk with a wide stance gait, with a limp present. Tr. 20. The ALJ noted that an x-ray showed some degenerative changes in Plaintiff's left knee. He also discussed Plaintiff's treatment for her gout and pain, which included only over the counter pain medication as needed. *Id.*

Clearly, pain may constitute a nonexertional impairment that limits the range of jobs a claimant otherwise would be able to perform. *See Carter v. Heckler*, 712 F.2d 137, 141-42 (5th Cir. 1983). A claimant's testimony of pain is insufficient to establish disability. *See* 42 U.S.C. § 423(d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability."). The ALJ's assessment of the disabling nature of the claimant's pain is due considerable deference. *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001). For pain to rise to the level of disabling, that pain must be "constant, unremitting, and wholly unresponsive to therapeutic treatment." The ALJ may discount subjective complaints of pain as

-7-

inconsistent with other evidence in the record. *See Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003) (citing *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991) (citation omitted)). Subjective complaints of pain must be corroborated by objective medical evidence. *Chambliss*, 269 F.3d at 522 (citing *Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989)). The subjective testimony of Plaintiff must be weighed against the objective evidence of medical diagnosis. *Chaparro v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987) (citing *Jones v. Heckler*, 702 F.2d 616, 621 n.4 (5th Cir. 1983)). Subjective evidence need not take precedence over objective evidence. *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990) (citing *Hollis v. Bowen*, 837 F.2d 1378, 1385 (5th Cir 1988)). Moreover, a factfinder's evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence. *Villa*, 895 F.2d at 1024 (citing *Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987). Whether pain is disabling is an issue for the ALJ, who has the primary responsibility for resolving conflicts in the evidence. *Id.* (citing *Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991)).

In this case, the ALJ found that Plaintiff's allegations regarding the limitation imposed by her pain and impairments were not entirely credible. In doing so, he compared the objective medical evidence of record with Plaintiff's subjective allegations as to her limitations, treatment, and activities. The ALJ discussed Dr. Crawford's May 19, 2009 report and explained the weight given to Dr. Crawford's opinion. The limitations incorporated into the RFC determination reflect and are consistent with the ALJ's credibility finding, which, in turn, is supported by objective medical evidence of record. Moreover, the ALJ adequately explains the weight given to the opinion of Dr. Crawford, the State agency medical consultants, and to Plaintiff's testimony and subjective allegations. The ALJ indicates that the RFC finding for a limited range of light work and the nonexertional limitations incorporated therein, such as the ability to sit and stand to relieve pain or

discomfort; to never climb ladders, ropes, or scaffolds; and work which does not involve hazardous, moving machinery or at unprotected heights, reflects exertional and nonexertional limitations imposed by Plaintiff's impairments.

Plaintiff also argues that the ALJ erred by failing to incorporate auditory limitations to reflect her ear ulcer and sequelae. The ALJ discussed Plaintiff's ear issues and correctly noted that Plaintiff's left ear pain, ulcer, and problems appear in the record beginning March 2010, well after Plaintiff's last insured date of June 30, 2009. The alleged onset date was amended to reflect the date last insured. The record does not contain any evidence indicating that Plaintiff's ear ulcer and any limitations imposed therein manifested prior to the alleged onset date. The ALJ thus did not err by failing to include any such limitations in the RFC determination.

The court finds that the ALJ did not err in making the RFC determination which is supported by substantial evidence in the record.

**B.    Whether the ALJ erred in application of the Grids.**

Plaintiff argues that the ALJ erred in applying the Grids as a guideline insofar as she was within one month of turning 55 years old at the time of his decision, thereby making her an individual of advanced age. She argues that applications of the correct Rule, for an individual of advanced age with a high school education and prior nontransferable skilled or unskilled work skills, would direct a finding of "disabled." Plaintiff alternatively argues that application of the Rule for an individual of advanced age or closely approaching advanced age, at the sedentary, rather than light, exertional level, with a high school education and prior skilled or semiskilled nontransferable work skills, would also direct a finding of "disabled."

To perform the full range of a certain level of work, a person must be able to perform all or substantially all of that range of work. Social Security Ruling 83-10 (August 20, 1980)("SSR 83-10"). The ALJ, however, did not find that Plaintiff retained the ability to perform a full range of work at the light exertional level, nor did he apply the Medical-Vocational Rules ("The Grids"), 20 C.F.R. Pt. 404, Subpt. P, App. 2, to direct a finding of "not disabled." Rather, the ALJ relied upon the testimony of the VE, who identified jobs that a person with the limited range of light work, as described in the RFC determination, could perform.

A vocational expert is called to testify because of his familiarity with job requirements and working conditions. *Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995) (citing *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir.1986)). "The value of a vocational expert is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed." *Id.* In testifying, a vocational expert "is able to compare all the unique requirements of a specified job with the particular ailments a claimant suffers in order to reach a reasoned conclusion whether the claimant can perform the specific job." *Fields*, 805 F.2d at 1170.

Clearly, an ALJ may not rely on evidence provided by a VE if that evidence is based on underlying assumptions or definitions that are inconsistent with the agency's regulatory policies or definitions – such as exertional level, skill level, and transferability of skills. *See* Soc. Sec. Ruling 00-4p (December 4, 2000) ("SSR 00-4p"). SSR 00-4p notes that the VE may provide testimony regarding the requirements of a particular job "as it is performed in specific settings." The ALJ asked the VE to testify as to the availability of jobs that a person with Plaintiff's vocational profile and an RFC for a "less than full range of light work," as further limited by postural and nonexertional considerations, could perform. Tr. 51. The VE specifically testified as to the jobs that could be performed, and further indicated a number which was reduced to reflect limitations. Tr.

51-52. The ALJ thus appropriately relied upon the testimony of the VE, who indicated the jobs that could be performed by a person with Plaintiff's vocational history, age, and RFC, including the RFC for a *limited* range of light work.

Plaintiff also argues that the ALJ should have found that she was an individual of advanced age. However, Plaintiff's date last insured is the date at which Plaintiff must show that she was disabled. The ALJ correctly noted that Plaintiff was 53 years old, an individual closely approaching advanced age, on June 30, 2009, the date last insured. Tr. 22. The ALJ thus did not err in assessing Plaintiff's age.

There is substantial evidence in the record to support the ALJ's RFC determination. In addition, the ALJ did not err by relying upon the testimony of the VE to carry the burden on the Commissioner at step 5. The ALJ opinion is supported by substantial evidence.

## IV.   CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, the court finds that the Commissioner's decision is supported by substantial evidence in the record and should be affirmed, that Plaintiff's complaint should be **DISMISSED WITH PREJUDICE**, and that judgment should be entered in favor of the Defendant.

**IT IS, THEREFORE, ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint filed December 22, 2011 (Doc. 1), is **DISMISSED WITH PREJUDICE**.

A judgment in accordance with this Memorandum Opinion and Order shall be entered accordingly.

**SO ORDERED**.

DATED this 26th day of March, 2013.


_____

**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**